# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED WITH CALL NUMBER 505-321-0126 THAT IS IN THE CUSTODY OR CONTROL OF VERIZON WIRELESS | Case No. **23mr583** |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the District of New Jersey, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 § USC 3146 | Failure to appear |

The application is based on these facts:

See attached Affidavit in Support of an Application for a Search Warrant, attached hereto and incorporated by reference herein.

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:_____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Robert T. Balint, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by submitted electronically and sworn telephonically *(specify reliable electronic means).*

Date: March 14, 2023

*Judge's signature*

City and state: Albuquerque, New Mexico    Honorable Kirtan Khalsa, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED WITH CALL NUMBER 505-321-0126 THAT IS IN THE CUSTODY OR CONTROL OF VERIZON WIRELESS | Case No. _____ <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Robert T. Balint, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular device assigned with call number 505-321-0126 (the "SUBJECT ACCOUNT") that is in the custody or control of Verizon Wireless, a wireless telephone service provider that is headquartered at 1095 Avenue of the Americas, New York, NY 10036, USA.

2. The records and information to be searched are described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require Verizon Wireless to disclose to the government the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information

collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the government is concurrently seeking a separate order that complies with the requirements of the Pen Register Act. See 18 U.S.C. §§ 3121-3127.

4. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and am currently assigned to the Albuquerque Division. I have been a Special Agent with the FBI since December 2020 and my primary investigative responsibilities include complex financial crimes. I have received training in complex financial crimes. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. § 875(c), and I am authorized by the Attorney General to request a search warrant.

5. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Willie Lee Edwards ("W. EDWARDS") has violated 18 § U.S.C. 3146, Failure to appear. W. EDWARDS was scheduled for trial on April 18, 2022 and failed to appear; he is the subject of an arrest warrant issued on April 18, 2022. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting W. EDWARDS, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court

of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### *Background*

8. The United States, including the FBI, is conducting a criminal investigation of W. EDWARDS regarding possible violations of 18 § USC 3146, Failure to appear.

9. On April 18, 2022, the United States District Court for the District of New Mexico issued an arrest warrant for W. EDWARDS in case number 19-CR-00593. The warrant commands "[a]ny authorized law enforcement officer . . . to arrest and bring before a United States Magistrate Judge without unnecessary delay, Willie Lee EDWARDS," based on his violation of an order of the Court. *United States v. EDWARDS*, Cr. No. 19-00593 (D.N.M. Apr. 18, 2022), Doc. 115 (sealed arrest warrant). W. EDWARDS was scheduled to appear for trial at 1:00 pm on April 18, 2022. W. EDWARDS did not appear for trial. W. EDWARDS' defense attorney, Edward Bustamante, indicated that he had informed W. EDWARDS of his obligation to appear at trial and that he had not heard from W. EDWARDS. *United States v. EDWARDS*, Cr. No. 19-00593 (D.N.M. Apr. 18, 2022), Doc. 116 (minutes of jury selection/jury trial). There is no indication that "uncontrollable circumstances," as that term is used in 18 U.S.C. § 3146(c), prevented W. EDWARDS from appearing for trial.

10. On or about February 21, 2023, the US Bankruptcy Court in the District of New Mexico received a filing. The cover sheet of the filing identifies the filer as Willie Lee Edwards Jr, C/O 3167 San Mateo NE #272, Albuquerque, NM 87110.

11. The telephone number 505-321-0126 was listed as a contact number for W. EDWARDS in the filing. The filing was signed and notarized by D.P. D.P. is listed in the New Mexico notary search.

12. The above address corresponds to a UPS Store. The investigation had previously identified the UPS Store at that address as a place where Edwards rented a post office ("P.O.") box.

13. On March 10, 2023, I interviewed UPS store employees D.P. and R.P. D.P. and R.P. confirmed that W. EDWARDS continued to rent a P.O. box at the UPS Store and that D.P. and R.P. had recently interacted with and provided customer service to W. EDWARDS.

14. D.P. recalled having notarized documents for W. EDWARDS at the UPS Store in approximately December 2022 and approximately January 2023. D.P. was shown the filing and confirmed that the notary stamp and signature on the filing belonged to D.P. D.P. reviewed D.P.'s notary logbook and found there to be an entry referencing W. EDWARDS in December 2022. D.P. did not find an entry referencing W. EDWARDS in January 2023. D.P. believed that D.P. did not make an entry referencing W. EDWARDS when D.P. notarized documents for W. EDWARDS in January 2023 because D.P. had already made an entry referencing W. EDWARDS in December 2022.

15. R.P. recalled that W. EDWARDS called the UPS store on or about March 9, 2023. R.P. could tell the caller was W. EDWARDS because R.P. recognized W. EDWARDS' voice (R.P. knew the customers who rented mailboxes at the UPS Store). W. EDWARDS asked R.P. what time the UPS store closed. R.P. told W. EDWARDS that the UPS Store closed at six o'clock.

16. At approximately 5:00pm- 5:20pm on March 9, 2023, R.P. was leaving the UPS Store when R.P. saw W. EDWARDS coming into the UPS store. R.P. greeted W. EDWARDS.

17. I reviewed the recent call list on the UPS Store office telephone. I observed two calls made from telephone number 505-321-0126 on approximately March 9, 2023 at approximately 4:14pm and 4:15pm.

18. I reviewed UPS Store records. On a mail forwarding filing sheet, W. EDWARDS's telephone number was listed as 505-307-6691. That number was known by this FBI to be associated with W. EDWARDS in April 2022. That number was crossed out. The telephone number 505-321-0126 was written next to the crossed-out number.

19. Open-source records indicate that the provider for telephone number 505-321-0126 is Verizon Wireless. Records indicate that the telephone number is associated with M.S., an individual not previously identified by this investigation. The listed address for M.S. is located on Hackamore Place, Albuquerque, NM. A relationship between M.S. and W. EDWARDS has not been identified.

20. In March 2019, a federal arrest warrant for W. EDWARDS and federal search warrant were executed at W. EDWARDS' then-residence on Hackamore Place. W. EDWARDS' then-residence is located within half a mile of M.S.'s listed address.

*Information Related to Verizon Wireless*

21. In my training and experience, I have learned that Verizon Wireless is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."

Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

22. Based on my training and experience, I know that Verizon Wireless can collect cell-site data on a prospective basis about the SUBJECT ACCOUNT. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon Wireless typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

23. Based on my training and experience, I know that Verizon Wireless also can collect per-call measurement data. This data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

6

24. In my training and experience, I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

25. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

26. Based on my training and experience, I know that wireless providers such as Verizon Wireless typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as Verizon Wireless typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT ACCOUNT's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

27. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

28. I further request that the Court direct Verizon Wireless to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. I also request that the Court direct Verizon Wireless to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon Wireless's services. The government shall reasonably compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

29. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the cellular device associated with the

SUBJECT ACCOUNT outside of daytime hours. Furthermore, this warrant will be served on Verizon Wireless who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Robert T. Balint
Special Agent
Federal Bureau of Investigation

Electronically submitted to me and telephonically sworn on March  14 , 2023.

HONORABLE KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular device assigned call number 505-321-0126 (the "SUBJECT ACCOUNT") that are in the custody or control of Verizon Wireless, a wireless communications service provider that is headquartered at 1095 Avenue of the Americas, New York, NY 10036, USA.

## ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

All information about the location of the cellular device associated with the SUBJECT ACCOUNT, as described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the cellular device associated with the SUBJECT ACCOUNT" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular device associated with the SUBJECT ACCOUNT, as described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon Wireless, Verizon Wireless is required to disclose the Location Information to the government. In addition, Verizon Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon Wireless's services. The government shall compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.     Information to be Seized by the Government**

All information described above in Section I that will assist in arresting Willie Lee Edwards ("W. EDWARDS") who is the subject of an arrest warrant issued on April 18, 2022, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.